**In re ESTATE OF Robert D. HOFFMAN, Appellee.**

**Appeal of Teresa V. Hoffman, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 21, 2012.

Filed Oct. 1, 2012.

Arthur K. Dils, Harrisburg, for appellant.

BEFORE: STEVENS, P.J., BENDER, J., and GANTMAN, J.

OPINION BY STEVENS, P.J.:

This is an appeal from the Order entered in the Court of Common Pleas of Dauphin County, Orphans' Court division, which entered a declaratory judgment in favor of Appellee Cindy Thurman, as Ad-ministratrix of the Estate of Robert D. Hoffman, Decedent, and against Appellant Teresa V. Hoffman. We affirm.

The relevant facts and procedural history have been aptly set forth, in part, by the Orphans' Court as follows:

On August 12, 1992, Decedent was issued a life insurance policy by Conseco Life Insurance Company ("Conseco") on which his [then] spouse, Cindy D. Hoffman, a/k/a Cindy Thurman, was named the sole beneficiary. Thereafter, Decedent and [Ms.] Thurman were divorced and, on February 14, 2003, Decedent married [Appellant] Hoffman. On December 21, 2003, Decedent executed an application requesting a change of beneficiary relating to the Conseco life insurance policy, naming [Appellant] Hoffman as a primary beneficiary to receive eighty percent (80%) of any subsequent insurance payout and his daughter, Tara Frances Hoffman, as a primary beneficiary to receive the remaining twenty percent (20%) of the insurance payout.

On August 12, 2008, Decedent and [Appellant] Hoffman were divorced by Decree of the Court of Common Pleas of Cumberland County, which incorporated a Property Settlement Agreement executed by the parties on July 18, 2008. Approximately three months later, on November 15, 2008, Decedent died, [and his former wife, Ms. Thurman, was appointed administratrix of his estate]. On February 24, 2009, Conseco notified [Appellant] Hoffman that it would not make any payments to her because, although she remained a named beneficiary on the [life insurance] policy, she was a "former spouse" of Decedent and, as such, her designation as beneficiary was effectively extinguished by 20 Pa.C.S. § 6111.2.

Orphans' Court Opinion filed 3/26/12 at 2.

On March 5, 2010, Appellant Hoffman filed a petition for declaratory judgment

seeking a declaration that she is entitled to an 80% payout from Decedent's life insurance policy, and on March 23, 2010, Ms. Thurman, as administratrix of Decedent's estate, filed an answer requesting 80% of the life insurance proceeds be distributed to Decedent's estate instead of to Appellant Hoffman. Appellant Hoffman filed a reply, and on August 2, 2010, the Orphans' Court denied Appellant Hoffman's petition for declaratory relief. On August 23, 2010, Appellant Hoffman filed exceptions, and on September 1, 2010, Appellant Hoffman filed a notice of appeal to this Court.

Thereafter, the Orphans' Court filed a Pa.R.A.P. 1925(a) opinion requesting that this Court vacate the August 2, 2010 order since Appellant Hoffman's petition for declaratory judgment had been prematurely denied. By *per curiam* order entered on February 15, 2011, this Court vacated the August 2, 2010 order, remanded for further proceedings, and relinquished jurisdiction.

On August 29, 2011, Appellant Hoffman filed a memorandum in support of declaratory relief in her favor, and ultimately, on December 9, 2011, the Orphans' Court denied Appellant's Hoffman's petition for declaratory judgment. This timely appeal followed. By order entered on January 27, 2012, the Orphans' Court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant Hoffman timely complied, and the Orphans' Court filed a responsive opinion.

 Appellant Hoffman's first contention is that the Orphans' Court erred in retroactively applying 20 Pa.C.S. § 6111.2 to the life insurance policy at issue. That is, Appellant Hoffman contends that, since the life insurance policy was originally issued to Decedent on August 12, 1992, and 20 Pa.C.S. § 6111.2 was not enacted until December 16, 1992, the Orphans' Court violated the constitutional contract clause in applying the Statute retroactively.[1] In making these arguments, Appellant Hoffman relies primarily on *Parsonese v. Midland National Insurance Company*, 550 Pa. 423, 706 A.2d 814 (1998).[2]

At the time of Decedent's death on November 15, 2008, 20 Pa.C.S. § 6111.2 stated:

### § 6111.2 Effect of divorce on designation of beneficiaries

If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him unless it appears from the wording of the designation, a court order or a written contract between the person and such former spouse that the designation was intended to survive the divorce. Unless restrained by court order, no insurance company ... shall be liable for making payments to a former spouse

---

1. We note we will not reverse an Orphans' Court's decision unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law. *In re Estate of Whitley*, 50 A.3d 203, 206 (Pa.Super.2012).

2. Appellant Hoffman also cites to various federal, Pennsylvania Court of Common Pleas, and Pennsylvania Commonwealth Court decisions. However, it is well settled that we are not bound by such authority. *See Commonwealth v. Anderson*, 40 A.3d 1245 (Pa.Super.2012); *Willard v. Interpool, Ltd.*, 758 A.2d 684 (Pa.Super.2000).

which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

20 Pa.C.S. § 6111.2 (bold in original).[3]

As our Supreme Court noted in *Parsonese, supra*, under this version of Section 6111.2, unless it otherwise appears from the wording of the life insurance policy, a court order, or the parties' written contract that the designation was intended to survive the divorce, the former spouse is treated as if she has predeceased the decedent.[4] "The plain meaning of the [S]tatute mandates this result." *Parsonese*, 550 Pa. at 427, 706 A.2d at 816. Thus, initially, in this case, as Appellant Hoffman suggests, we must first determine whether Section 6111.2 as applied to this case, is constitutional.

In so doing, we note that Decedent acquired contractual rights from Conseco on August 12, 1992, when he was issued a life insurance policy. He exercised those rights on December 21, 2003, when he designated Appellant Hoffman as his primary beneficiary to receive 80% of the life insurance proceeds. There is no dispute that Conseco accepted the designation whereby Appellant Hoffman received a contract expectancy which would result in vested rights against Conseco when Decedent died.

Based on these facts, contrary to Appellant Hoffman's argument, there is no "retroactive application" of Section 6111.2 required in this case. That is, her contract expectancy did not arise until approximately December 21, 2003, when Decedent designated her as a primary beneficiary to receive an 80% payout under the life insurance policy. *Parsonese*'s analysis concerning whether Section 6111.2 may be applied retroactively is simply not on point since, in that case, the designation of the former spouse was made on August 27, 1992, prior to December 16, 1992, the enacted date of Section 6111.2. In fact, in *Parsonese*, our Supreme Court, in determining whether retroactive application of Section 6111.2 would be required, specifically held that the date of the beneficiary designation under the life insurance contract in question, as opposed to the date when the life insurance contract was originally purchased, is the date to be used. Thus, in the case *sub judice*, the application of Section 6111.2 does not require any retroactive application, and therefore, contrary to Appellant Hoffman's first contention, the Orphans' Court did not violate her rights under the contract clause.

█ Intertwined in her second and third arguments, Appellant Hoffman asks us to determine whether the Orphans' Court erred in failing to properly apply the exceptions found in Section 6111.2. Specifically, she suggests that, since neither the language of the beneficiary designation nor the parties' property settlement agreement expressly revoked Decedent's beneficiary designation of Appellant Hoffman upon the parties' divorce, such an intent cannot be read into the documents.

As indicated, from its plain language, Section 6111.2 reveals that, "unless it appears from the wording of the designation

---

3. The Statute was amended effective December 27, 2010. However, we apply the version of the Statute in effect at the time of Decedent's death. *See Parsonese, supra* (applying the version of Section 6111.2 in effect at the time of the decedent's death).

4. We note that *Parsonese* applied the version of Section 6111.2 in effect prior to the 1994 amendments, which are applicable in the case *sub judice*. However, as our Supreme Court noted in *Parsonese*, the clarifying 1994 amendments did not affect the substance of the statute in effect in *Parsonese*.

... or a written contract between the person and such former spouse that the designation was intended to survive the divorce," the general rule is that a former spouse is to be treated as if she predeceased the decedent for beneficiary designation purposes. *See* 20 Pa.C.S. § 6111.2.

Our review of the beneficiary designation reveals that, on the change of beneficiary form, Decedent specifically indicated "[Appellant] Hoffman, Wife, 80[%]." Additionally, although there was a box, which Decedent could have checked indicating the designation was "irrevocable," he did not check the box. Simply put, we cannot say that it appears from the face of the beneficiary designation that Appellant Hoffman's designation as a beneficiary was intended to survive the divorce.

Likewise, as further discussed *infra*, we cannot say that it appears from the wording of the parties' property settlement agreement that Appellant Hoffman's designation as a beneficiary was intended to survive the divorce.

Regarding the parties' property settlement agreement, we note that we review the agreement under the law of contracts, and therefore, we must ascertain the intent of the parties when interpreting the contractual agreement. *Crispo v. Crispo*, 909 A.2d 308 (Pa.Super.2006). "When construing agreements involving clear and unambiguous terms, a trial court need only examine the writing itself to give effect to the parties' understanding." *Id.* at 313 (citations omitted).

Here, there is simply no express indication from the parties' property settlement agreement that Decedent intended Appellant Hoffman's beneficiary designation to survive the divorce. In fact, as the Orphans' Court found "[t]he property settlement agreement includes a provision by which Decedent and [Appellant] Hoffman mutually agreed to relinquish all rights against each other and their estates arising from the marital relationship." Orphans Court's Opinion filed 3/26/12 at 4 n. 1. Thus, as it does not appear from the wording of the parties' property settlement agreement that Appellant Hoffman's life insurance beneficiary designation was intended to survive the divorce, the general rule of Section 6111.2 controls. *See* 20 Pa.C.S. § 6111.2. Therefore, we find the Orphans' Court did not err in construing the life insurance policy as if Appellant Hoffman (the former spouse) had predeceased Decedent.

We note that, in presenting her second and third arguments, Appellant Hoffman relies at length on *Equitable Life Assurance Society of the United States v. Stitzel*, 299 Pa.Super. 199, 445 A.2d 523 (1982), wherein this Court held that general language in a property settlement agreement was insufficient to revoke a life insurance beneficiary designation. Instead, we held that a party must explicitly waive his interest in life insurance proceeds, and in the absence of express language revoking the beneficiary designation, such shall remain in effect following a divorce. *Stitzel, supra*. However, as this Court noted in *Layne v. Layne*, 442 Pa.Super. 398, 659 A.2d 1048 (1995), *Stitzel* was decided *prior* to the enactment of 20 Pa.C.S. § 6111.2. Under the plain language of Section 6111.2, the parties must affirmatively indicate in their written contracts that the designation shall survive the divorce, and, in the absence of such wording, the former spouse is treated as if she predeceased the decedent.

Appellant Hoffman's final argument is 20 Pa.C.S. § 6111.2 is overbroad and unconstitutional. However, a careful review of her argument reveals she is essentially attempting to rehash her argument that Section 6111.2 was unconstitutionally and

retroactively applied to the instant matter in violation of the dictates of *Parsonese*. However, as discussed *supra,* this case is distinguishable from *Parsonese,* and we simply find there was no retroactive application of Section 6111.2 required.

For all of the foregoing reasons, we affirm.

Affirmed.