J-S15002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA A. LUTZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MONUMENTAL LIFE INSURANCE COMPANY AND SHEREE NORDALL | |
| Appellees | No. 1400 MDA 2014 |

Appeal from the Order Entered July 23, 2014
In the Court of Common Pleas of Lebanon County
Orphans' Court at No(s): 2014-469

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 04, 2015**

Sandra A. Lutz appeals the order of the Court of Common Pleas of Lebanon County denying her petition filed pursuant to the Declaratory Judgment Act.[1]  Upon careful review, we affirm.

Lutz and Richard Lutz ("Decedent") were married on May 18, 1985. On May 4, 1985, Decedent obtained a life insurance policy from Monumental Life Insurance Company ("Monumental") and, on July 8, 1988, he named Lutz the primary beneficiary.  Decedent did not designate any contingent beneficiaries at that time.

---

[1] 42 Pa.C.S.A. §§ 7531-7541.

On June 7, 2012, Decedent executed a change of beneficiary form, on which he again named Lutz as the primary beneficiary and added his sister, Sheree Nordall, as contingent beneficiary. On August 28, 2012, Decedent and Lutz entered into a Marriage Settlement Agreement and they were divorced on September 6, 2012. Decedent committed suicide on September 26, 2012.

Lutz and Nordall each filed claims against the Decedent's policy and, by letter dated May 13, 2013, Monumental notified Lutz that she was disqualified as a beneficiary based on section 6111.2 of the Probate, Estates, and Fiduciaries ("PEF") Code. Under section 6111.2, a former spouse named as a beneficiary is treated as having predeceased a decedent unless the former spouse can prove that the designation was intended to survive the parties' divorce.

In light of its determination that Lutz was disqualified under section 6111.2, Monumental paid the policy's proceeds to Nordall. Thereafter, on October 17, 2013, Lutz filed a petition for declaratory judgment, claiming entitlement to the insurance proceeds on the theory that section 6111.2 was enacted on December 16, 1992, after Decedent first designated her as primary beneficiary, and that section 6111.2 cannot be applied retroactively. Nordall and Monumental filed answers to Lutz's petition; Monumental also filed new matter, to which Lutz replied. The court held a hearing on June 3, 2014, and rendered its decision by order dated July 23, 2014.

Lutz filed a timely notice of appeal on August 20, 2014, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2]

Lutz raises the following issues for our review:

1. Whether the trial court committed an error of law and/or abused its discretion in prohibiting testimony regarding communications Lutz had with the Decedent under the Dead Man's Act, as the Decedent is not a party to the within action?

2. Whether the trial court committed an error of law and/or abused its discretion in concluding that retroactive application of section 6111.2 of the [PEF] Code is not required?

3. Whether the trial court committed an error of law and/or abused its discretion in concluding that the Decedent's designation of Lutz as the primary beneficiary on his insurance policy with Monumental was not intended to survive the divorce?

Brief of Appellant, at 4.

Lutz appeals the denial of a petition for declaratory judgment.

The Declaratory Judgments Act provides, *inter alia*:

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

---

[2] We have renumbered Lutz' claims for ease of disposition.

> An action for declaratory judgment is available to obtain a declaration of the existing legal rights, duties, or status of the parties where the declaration will aid in the determination of a genuine, justiciable controversy. A declaratory judgment action is particularly appropriate in construing contracts of insurance in order to determine whether an insurer is obligated to defend and/or indemnify one claiming under the policy. The proper construction of an insurance policy is an issue which may be resolved as a matter of law in a declaratory judgment action.

*Pressley v. Travelers Prop. Cas. Corp.*, 817 A.2d 1131, 1138 (Pa. Super.

2003) (internal citations omitted).

> When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow. Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion.
>
> The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence. Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court.

*Ross Dev. Co. v. Advanced Bldg. Dev., Inc.*, 803 A.2d 194, 195 (Pa.

Super. 2002) (internal citations omitted).

> We also note that
>
> the findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*PARC Holdings, Inc. v. Killian*, 785 A.2d 106, 110 (Pa. Super. 2001)

(citation omitted).

- 4 -

Lutz first claims that the trial court erred in prohibiting her from testifying to certain communications she had with the Decedent on the basis of the Dead Man's Rule. Lutz argues that the Act was inapplicable because neither the Decedent nor a person representing the interests of his estate was a party to the action. This claim is meritless.

The Dead Man's Act provides, in pertinent part, that:

Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed . . . to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . party, shall be a competent witness to any matter occurring before the death of said party[.]

42 Pa.C.S.A. § 5930.

The purpose of the Act is to prevent the injustice that would result from permitting a surviving party to a transaction to testify favorably to himself and adversely to the interest of a decedent, when the decedent's representative would be hampered in attempting to refute the testimony or be in no position to refute it, by reason of the decedent's death.

*In re Estate of Hall*, 535 A.2d 47 (Pa. 1987) (citations omitted).

Here, at the outset of trial, counsel for Monumental raised concerns regarding whether the Dead Man's Act rendered Lutz incompetent to testify with respect to conversations she may have had with the Decedent. The trial court responded as follows:

THE COURT:     All right. If we get into that issue, I will warn you that that might be an issue because of the Dead Man's Rule. I am well aware of that.

> So, if that becomes an issue, Attorney Zeppos, if an objection is made, **we are going to hold off on that until we have rulings on those matters**, because she cannot say what he said, he's not here.
>
> . . .
>
> So I am aware of that, but I just want to – I want to make a ruling that any statements made up through the time of the [divorce] Decree – at a very minimum, there is an issue with the Dead Man's Rule **that I will deal with on a question by question basis**, but my inclination is that would not be admissible.

N.T. Trial, 6/3/14, at 4-5 (emphasis added).

It is clear from the foregoing that the trial court intended to address any Dead Man's Act objections on a question-by-question basis, and made no blanket ruling regarding what Lutz could or could not testify to. Thereafter, during Lutz' testimony, the sole objection raised was by Kim L. Lengert, Esquire, counsel for Nordall, with respect to Lutz' answer to one of Attorney Lengert's own questions. *See* N.T. Trial, 6/3/14, at 26. Attorney Lengert believed that Lutz had referred to a statement made by the Decedent, but Lutz clarified that the statement in question had actually been made by an insurance agent.[3] No further objections were made to Lutz' testimony. Accordingly, as the Dead Man's Act did not arise as an issue during Lutz' testimony, her claim is meritless.

_____

[3] Lutz' original answer created confusion as to whom the word "he" referred.

Lutz next asserts that the trial court erred in concluding that application of section 6111.2 of the PEF Code is not unconstitutionally retroactive. Section 6111.2 provides, in relevant part, as follows:

§ 6111.2. Effect of divorce or pending divorce on designation of beneficiaries

(a) Applicability. --This section is applicable if an individual:

(1) is domiciled in this Commonwealth;

(2) designates the individual's spouse as beneficiary of the individual's life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to the spouse; and

. . .

(i) at the time of the individual's death is divorced from the spouse; or

(b) General rule. --Any designation described in subsection (a)(2) in favor of the individual's spouse or former spouse that was revocable by the individual at the individual's death shall become ineffective for all purposes and shall be construed as if the spouse or former spouse had predeceased the individual, unless it appears the designation was intended to survive the divorce based on:

(1) the wording of the designation;

(2) a court order;

(3) a written contract between the individual and the spouse or former spouse; or

(4) a designation of a former spouse as a beneficiary after the divorce decree has been issued. . . .

20 Pa.C.S.A. § 6111.2.

Here, Decedent first designated Lutz as his primary beneficiary on July 8, 1988. Section 6111.2 was enacted on December 16, 1992. Because section 6111.2 was enacted after Decedent's initial beneficiary designation was executed, Lutz argues that applying the statute to the instant matter would require doing so retroactively, which was deemed by our Supreme Court to be unconstitutional in *Parsonese v. Midland Nat'l Ins. Co.*, 706 A.2d 814 (Pa. 1998). We disagree.

In *Parsonese*, the decedent purchased a life insurance policy on June 12, 1988, naming his children as beneficiaries and a friend as contingent beneficiary. On July 27, 1991, the decedent married Parsonese. He subsequently changed the beneficiary designation on his insurance policy on August 27, 1992, naming Parsonese as his primary beneficiary and his children as contingent beneficiaries. Section 6111.2 took effect on December 16, 1992. Decedent and Parsonese were divorced on September 27, 1993, and Decedent died on May 4, 1994.

In the trial court, the parties disagreed as to whether section 6111.2 should apply to mandate that the life insurance proceeds be paid to Decedent's children.[4] Parsonese argued that application of the statute would violate Article I, Section 17 of the Pennsylvania Constitution, the contracts

---

[4] The manner in which the case was brought before the trial court (i.e., declaratory judgment action, etc.) is not clear from the Supreme Court's opinion.

clause, as it was enacted after he exercised his contractual rights under the policy to designate her as beneficiary. The trial court agreed and the Supreme Court, exercising its jurisdiction under 42 Pa.C.S.A. § 722(7),[5] affirmed. In doing so, the Court focused on the date the decedent had executed the beneficiary designation, not the date the insurance policy became effective.

Subsequently, in *In re Estate of Hoffman*, 54 A.3d 903 (Pa. Super. 2012), this Court applied *Parsonese* to a factual scenario almost identical to that currently before the Court. In *Hoffman*, the decedent purchased a life insurance policy prior to the enactment of section 6111.2, naming his then-wife as primary beneficiary. After the effective date of section 6111.2, the decedent divorced his first wife and married appellant Hoffman. He then executed a change-of-beneficiary form, naming Hoffman as his primary beneficiary. The couple subsequently divorced, and the decedent died thereafter. Hoffman filed a declaratory judgment action, seeking payment as beneficiary under the policy. The trial court applied section 6111.2, which extinguished Hoffman's beneficiary designation.

On appeal, this Court affirmed, concluding that the application of section 6111.2 was not retroactive under the facts of the case. The Court

_____

[5] Section 722(7) grants to the Supreme Court exclusive jurisdiction of appeals from final orders of the courts of common pleas in matters where the court holds a statute to be unconstitutional.

noted that the Supreme Court, in **Parsonese**, "specifically held that the date of the beneficiary designation under the life insurance contract in question, as opposed to the date when the life insurance contract was originally purchased, is the date to be used" in determining whether any application of section 6111.2 would be retroactive. **Hoffman**, 54 A.3d at 906.

Here, Lutz argues that the instant matter is factually distinguishable from **Hoffman** because she was originally named as the beneficiary prior to the enactment of section 6111.2. Although the Decedent executed a later beneficiary designation after the effective date of the statute, Lutz' status as primary beneficiary remained unchanged. Thus, Lutz claims, the earlier beneficiary designation date should be the operative date in determining the applicability of section 6111.2. We disagree.

If the written language of a policy is clear and unambiguous, the policy language is to be given effect. **Alkhafaji v. TIAA-CREF Individual & Institutional Servs., LLC**, 69 A.3d 219, 231 (Pa. 2013) (citation omitted). Here, the change of beneficiary form executed by the Decedent in 2012 states clearly that "[a]ll previous designations are hereby cancelled." Beneficiary Change Form, 6/7/12. Thus, by executing the change form in 2012, Decedent cancelled all previous designations of Lutz as beneficiary. Accordingly, when he named Lutz as primary beneficiary on the 2012 form, Decedent was, in effect, designating her anew. As section 6111.2 was in force at the time of the 2012 designation, the constitutional retroactivity

concerns[6] contemplated by the ***Parsonese*** court are not implicated by the factual scenario presented here. Accordingly, we must apply the dictates of section 6111.2 to the matter at hand, "unless it appears the designation was intended to survive the divorce based on: (1) the wording of the designation; (2) a court order; (3) a written contract between the individual and the spouse or former spouse; or (4) a designation of a former spouse as a beneficiary after the divorce decree has been issued." 20 Pa.C.S.A. § 6111.2(b).

In her final issue, Lutz argues that the trial court erred in concluding that Decedent's beneficiary designation was not intended to survive the divorce. On this issue, this Court's reasoning in ***Hoffman***, ***supra***, is instructive. There, in concluding that the designation was not intended to survive the parties' divorce, the Court noted the following:

> Our review of the beneficiary designation reveals that, on the change of beneficiary form, Decedent specifically indicated "[Appellant] Hoffman, **Wife**, 80[%]." Additionally, although there was a box, which Decedent could have checked indicating the designation was "irrevocable," he did not check the box. Simply put, we cannot say that it appears from the face of the beneficiary designation that Appellant Hoffman's designation as a beneficiary was intended to survive the divorce.

---

[6] The purpose of the contract clauses of the state and federal constitutions is to prevent governmental entities from disrupting existing contractual obligations, and thus, negating the expectations of the parties. ***Harristown Dev. Corp. v. Commonwealth, Dep't of General Services***, 614 A.2d 1128, 1133 (Pa. 1992). Those concerns are not implicated where the statute in question was in effect at the time of the Decedent's final beneficiary designation.

***Hoffman***, 54 A.3d at 907 (emphasis added).

Likewise, here, Lutz is identified on the beneficiary designation as "Wife" and, although he could have, Decedent did not check the box making the designation irrevocable. Moreover, the marriage settlement agreement between Decedent and Lutz does not expressly indicate an intent that the designation should survive the divorce. The parties each released all rights in each other's estates. Moreover, the agreement's sole reference to insurance policies merely identifies a policy held by Lutz and states that the parties "each may maintain or dispose of any existing life insurance policies and may choose beneficiaries to any such policies as they see fit." Marriage Settlement Agreement, 8/28/12, at ¶ 22. Accordingly, neither the beneficiary designation nor the parties' marriage settlement agreement lends any support to Lutz' claim that her designation as beneficiary was intended to survive the parties' divorce. Therefore, the court did not err in construing the policy as if Lutz had predeceased the Decedent pursuant to section 6111.2.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2015