J-A16031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONNA JOHNSTONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT JOHNSTONE | |
| Appellee | No. 3186 EDA 2014 |

Appeal from the Order Entered October 14, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 29110009184

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 16, 2015**

Donna Johnstone (Wife) appeals from the following orders of the Court of Common Pleas of Delaware County:  (1) the January 13, 2013 order, granting the motion for summary judgment filed by Robert Johnstone (Husband) and dismissing with prejudice Wife's second amended complaint; (2) the July 28, 2014 order granting Husband's motion for summary judgment on his counterclaim and entering judgment in favor of Husband; (3) the July 28, 2014 order denying Wife's motion for summary judgment on Husband's counterclaim; and (4) the October 14, 2014 order awarding reasonable counsel fees, costs and expenses to Husband in the amount of $189,699.58 because of Wife's breach of the parties' property settlement

_____

[*] Retired Senior Judge assigned to the Superior Court.

agreements (PSAs). After careful review, we affirm each of the trial court's orders.

The parties were married in 1994, and separated in 2006. On March 20, 2009, they signed a PSA, which contains the following relevant provisions:

10. Warranty of Disclosure

If a party has failed to disclose any asset, the fair market value of which exceeds twenty five thousand dollars ($25,000.00) as of the date of the execution of this Agreement by both parties, then, at the other party's sole discretion, the undisclosed asset shall become the sole property of the other party or a cash payment equal to the fair market value as of the date of execution of this Agreement by both parties or as of the date of the discovery of the non-disclosure, whichever is greater, shall be made to the other party by the non-disclosing party.

16. Fees in the Event of Breach of Agreement

In the event that either party breaches any provision of this Agreement and the other party retains counsel to assist in enforcing the terms thereof, the parties hereby agree that the breaching party will pay all attorneys fees, court costs and expenses which are incurred by the other party in enforcing the Agreement, whether enforcement is ultimately achieved by litigation or by amicable resolution. It is the specific agreement and intent of the parties that a breaching or wrongdoing party shall bear the obligation of any and all attorneys fees, court costs and expenses incurred by the other in protecting and enforcing his or her rights under this Agreement.

PSA, 3/20/09, at 28, 31.

Shortly thereafter, on April 23, 2009, the parties signed a stipulation setting forth conditions under which Wife agreed to sign joint tax returns for 2008. Within weeks of executing the PSA, Wife became concerned that Husband had failed to disclose certain assets. As a result, the parties

entered into a supplemental PSA, which they signed on November 23, 2009. Under the supplemental PSA, Wife received an additional $200,000 and increased alimony for one year totaling approximately $99,000.

The supplemental PSA contains the following relevant provisions:

1. Reaffirmation of the Agreement

The parties hereby reaffirm the validity and enforceability of the Settlement Documents with the modifications hereinafter set forth.

2. Advice of Counsel and other Professionals

Wife represents and warrants that she had adequate time to consult with her counsel as well as her other advisors with regard to her rights and obligations related to the Divorce Action, the Settlement Documents and this Supplemental Property Settlement Agreement. Wife further represents and warrants that she is satisfied with the representation and advice from her counsel as well as her other advisors.

. . .

Wife confirms that she is entering into this Supplemental Property Settlement Agreement freely and voluntarily. Wife confirms that her execution of this Supplemental Property Settlement Agreement is not the result of any duress, undue influence, collusion or improper or illegal agreement or agreements. Finally, Wife confirms that she has had adequate time to fully consider her rights and obligations under this Supplemental Property Settlement Agreement before executing it.

3. Financial Disclosures

Husband and Wife acknowledge and agree that they are aware of the nature, extent, and value of all assets, liabilities and income of the other party. Wife represents and warrants that she has additionally made certain independent investigations with regard to Husband's income, business interests, assets and liabilities. Wife acknowledges that she is aware that, but for the Settlement Documents and this Supplemental Property Settlement Agreement, she would be entitled to additional

formal discovery including, but not limited to, review of documents, inspections, appraisals, interrogatories, depositions, and other discovery permitted by Rules of Civil Procedure or the Court in the Divorce Action. Wife knowingly, voluntarily, expressly, and intelligently waived her right (if any) to any additional financial disclosure of the property, income or financial obligations of Husband beyond the disclosure heretofore provided. In addition, Wife specifically and knowingly waives her right to contest the validity of the Settlement Documents or this Supplemental Property Settlement Agreement on the grounds of any lack of a full and fair disclosure. Husband knowingly, voluntarily, expressly and intelligently waives his right (if any) to contest the validity of the Settlement Documents or this Supplemental Property Settlement Agreement on the grounds of any lack of a full and fair disclosure.

4. <u>Mutual General Releases</u>

a. Except as herein provided for and except as otherwise provided for in the Settlement Documents, Wife hereby remises, releases, and forever discharges Husband together with his successors and assigns from all claims, causes of action, damages, demands, suits, sums of money, accounts, costs and expenses of whatever kind and nature, known and unknown, whether in contract, tort or otherwise, whether statutory or common law, at law or in equity which Wife ever had against Husband including but not limited to the claims asserted in the Divorce Action.

Supplemental PSA, 11/23/09, at 2-5.

On December 21, 2009, the court entered a divorce decree that incorporated the original PSA and the supplemental PSA. In 2010, while Wife was reviewing an amended 2008 tax return that Husband requested Wife to sign, she noticed there was significant interest income on an undisclosed investment account. This led her to engage in internet research that revealed Husband had other assets that he failed to disclose.

Wife commenced this action by filing a writ of summons on November 22, 2011. She filed her second amended complaint on March 1, 2012, asserting breach of contract and fraud in the inducement. Relying on the Warranty of Disclosure provision of the PSA, she asked the court to award her "all interests held by [Husband] or the fair market value of said interests in [ten enumerated] assets effective March 20, 2009 . . . together with all income associated with each of these entities from the aforementioned date." Second Amended Complaint, 3/1/12, at 16. Wife also sought counsel fees, costs and expenses. In addition, she sought punitive damages with respect to the fraud in the inducement claim.

On September 4, 2013, Husband filed an answer and new matter along with a counterclaim alleging a breach of a confidentiality agreement and non-disclosure agreement entered into by the parties on October 16, 2006.

On February 15, 2013, Husband sought to file an amended answer, new matter and counterclaim alleging breach of contract and seeking enforcement of the post nuptial agreement. On April 11, 2013, the trial court permitted the amendment over Wife's objection, and, on April 16, 2013, Husband filed his amended answer, new matter and counterclaim to Wife's second amended complaint.

Husband filed a motion for summary judgment on November 27, 2013, to which Wife filed a response on December 19, 2013. By order dated

January 13, 2014, the court granted Husband's motion and dismissed Wife's second amended complaint with prejudice.

The court denied reconsideration, and on February 11, 2014, Wife filed an appeal, which this Court quashed on April 16, 2014.[1]

On May 22, 2014, Husband filed a supplement to his motion for summary judgment and on June 30, 2014, Wife filed her own motion for summary judgment. On July 28, 2014, the court granted summary judgment in favor of Husband and against Wife on the counterclaims.[2] The court also scheduled a hearing on the issue of the counsel fees, costs and expenses incurred by Husband in protecting and enforcing his rights under the parties' agreements.[3] After holding a hearing on August 14, 2014, the court issued an order on October 14, 2014, awarding Husband $189,699.58.

Wife filed a timely notice of appeal on November 12, 2014, and on January 14, 2015, the court issued an opinion pursuant to Pa.R.A.P. 1925(a).

_____

[1] The January 13, 2014 order was not a final order because it did not address Husband's counterclaims, which remained outstanding. **See** Pa.R.A.P. 341.

[2] By praecipe filed February 24, 2014, Husband withdrew his counterclaim for breach of the parties' confidentiality agreement. Accordingly, the court granted relief on Husband's counterclaims for breach of contract and enforcement of the post-nuptial agreement.

[3] On July 28, 2014, the court issued a separate order denying Wife's motion for summary judgment on Husband's counterclaim.

On appeal, Wife raises the following issues for our review:

1. Whether a warranty of disclosure of all assets and liabilities in a marital property agreement, together with a penalty provision for failure to disclose such assets, is enforceable despite language in the same agreement relating to a waiver and release of marital claims and, if not, does it create an ambiguous agreement.

2. Whether [Husband] is entitled to an award of counsel fees because [Wife] attempted to enforce the warranty and penalty provisions under the marital property settlement agreement.

Appellant's Brief, at 4.

Appellate courts review property settlement agreements under the law

of contracts. *In re Estate of Hoffman*, 54 A.3d 903, 907 (Pa. Super.

2012).

Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is de novo and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

*Ruby v. Abington Memorial Hosp.*, 50 A.3d 128, 132 (Pa. Super. 2012)

(citation omitted).

As the trial court recognized:

"In cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning." *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004). "When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." *Id. See also*: *In re Estate of Hoffman*, 54 A.3d 903, 907 (Pa. Super. 2012) (the Pennsylvania Superior Court reviews property settlement agreements in divorce actions

"under the law of contracts, and therefore we must ascertain the intentions of the parties when interpreting the contractual agreement"); **Crispo v. Crispo**, 909 A.2d 308 (Pa. Super. 2006) ([w]hen construing agreements involving clear and unambiguous terms, a trial court need only examine the writing itself to give effect to the parties' understanding").

Trial Court Opinion, 1/14/15, at 16-17.

On appeal, Wife asserts that the trial court erred by concluding that under the supplemental PSA, she waived her right to sue on the warranty of disclosure provision of the PSA.[4] We disagree.

Wife draws our attention to the portion of the Supplemental PSA, entitled, "Reaffirmation of Agreement," which states, "[t]he parties hereby reaffirm the validity and enforceability of the Settlement Documents with the modifications hereinafter set forth." Supplemental PSA, at 2. Wife argues:

---

[4] When reviewing an order granting summary judgment:

[t]he standard of review is clear: we will reverse the order of the trial court only where the court committed an error of law or clearly abused its discretion. **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 812 A.2d 1218, 1221 (Pa. 2002). Further, summary judgment is appropriate only where the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. **Id.** at 1221. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. **Id.** Only when the facts are so clear that reasonable minds cannot differ can a trial court properly enter summary judgment. **Id.** at 1222.

**Mountain Village v. Bd. Of Supervisors of Longswamp Tp.**, 874 A.2d 1, 5 (Pa. 2005).

> Nowhere in the Supplemental Agreement was the warranty of disclosure or penalty provision removed or in any way amended. Accordingly, because the Original Agreement was ratified, it remained in full force and effect. The Supplemental Agreement also states, "Except as amended or modified by this Supplemental Property Settlement Agreement, the Property Settlement Agreement shall remain in full force and effect," [Supplemental PSA, at 10] thereby reaffirming the warranty and penalty provisions in the Original Agreement.

Appellant's Brief, at 18.

Wife asserts that the trial court erred by reading the warranty and penalty provisions out of the documents in violation of the rule that "terms in one section of a contract . . . should never be interpreted in a manner which nullifies other terms in the same agreement." *Trombetta v. Raymond James Financial Services*, 907 A.2d 550 (Pa. Super. 2006) (citation omitted).

However, in the instant matter, there were two successive agreements. *Trombetta* provides that "a contract can be modified with the assent of both contracting parties if the modification is supported by consideration." *Id*. at 558 (citation omitted). Pursuant Sections 3 and 4 of the Supplemental PSA, Wife relinquished her right to contest the validity of the PSA and Supplemental PSA. In return for Wife's general release of all claims, Husband agreed to pay Wife an additional $299,000. Accordingly, there was a valid contract modification supported by consideration. *Trombetta, supra.*

Wife next asserts that the trial court erred in relying on *Lugg v. Lugg*, 64 A.3d 1109 (Pa. Super. 2013), in support of its order granting Husband's

motion for summary judgment. In **Lugg**, this Court rejected "the assertion that economic disclosure cannot be waived because the party waiving disclosure does not know the extent of what is being waived." **Id.** at 1112. Rather, "there is no prohibition against the waiver of economic disclosure." **Id.** at 1113.

As the trial court noted:

> In the case *sub judice,* [Wife] attempted to distinguish **Lugg** [], with the contention that she is not attempting to void the Settlement documents, but to enforce the "Warranty of Disclosure," a right that clear and express language of the Supplemental Property Settlement Agreement, nevertheless, unambiguously modified and wavied. [Wife] is currently seeking to fault the [c]ourt for employing **Lugg** as authority against her *ex post facto*. However, an examination of: (a) the wording of the Supplemental Property Settlement Agreement and the circumstances surrounding its execution; (b) the express intentions of the parties to release each other from further such claims and to end the divorce litigation between them; and (c) the bestowing of an additional $299,000.00, including future alimony payments, as consideration for [Wife] entering into that Agreement with its express waiver of further and/or future discovery into [Husband's] assets; and (d) her release of future claims of failure by [Husband] to disclose its assets, rendered it entirely reasonable to conclude that such provisions were enforceable even without the guidance afforded by the case authority of **Lugg**[].

Trial Court Opinion, 1/14/15, at 17-18.

The trial court's conclusion that Wife waived economic disclosure and relinquished the right to sue for a breach of the warranty of disclosure in the original PSA is a correct interpretation of the contract and is supported in the record. Accordingly, Wife has failed to establish a right to relief.

Recognizing that postnuptial agreements are subject to the rules of contract interpretation, Wife argues "the existence of the warranty of disclosure and penalty provisions in the Original Agreement as ratified by the Supplemental Agreement creates an ambiguity in the Settlement Agreement that must be resolved by a jury."  Appellant's Brief, at 24.  We find this issue is waived because Wife failed to raise it in her statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5]

_____

[5] Wife raised the following issues in her Rule 1925(b) statement:

1. On January 13, 2014, the Honorable Court granted [Husband's] motion for summary judgment citing *Lugg v. Lugg*, 64 A.3d 1109 (Pa. Super. 3013) and dismissed [Wife's] Second Amended Complaint with prejudice.

2. The Court erred in its application of *Lugg v. Lugg*, as that case involves an express waiver of disclosure and this case is predicated upon a warranty of disclosure.

3. The Court erred if it found that an action filed to enforce an Agreement is, without more, a breach of the same agreement warranting an assessment of damages including attorneys' fees premised upon breach.

4. Where the Court has overruled preliminary objections and held that [Wife] had stated a cause of action and [Husband's] counterclaim is premised upon an appellate case not decided until 18 months after the underlying case is brought, the [t]rial [c]ourt erred in determining that the counterclaim was valid and awarding damages predicated upon the counterclaim.

5. The [t]rial [c]ourt erred if it found that [Husband] sustained damages in defending an action to enforce an agreement and if it intended to rebate to [Husband] all of the consideration paid to [Wife] under the terms of the Supplemental

*(Footnote Continued Next Page)*

- 11 -

Rule 1925(b)(4)(ii) provides, in relevant part, that "[t]he [s]tatement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Failure to raise an issue in a Rule 1925(b) statement will result in waiver." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998).

Accordingly, the issue is waived, and we are precluded from engaging in appellate review of Wife's claim regarding ambiguity.

*(Footnote Continued)* ――――――――――

> Agreement between the parties where no actual damages were pled or proved.
>
> 6. To the extent that the [t]rial [c]ourt entered judgment on Counts II and III of the Counterclaim premised upon a failure to answer amendments to the Motion for Summary Judgment, the Court erred in (a) permitting [Husband] to file multiple amended motions for summary judgment without leave of Court; (b) failing to strictly comply with Delaware County Rule 1028 and (c) granting summary judgment on the bare allegation that in bringing a cause of action, [W]ife breached a contract her own action was intended to enforce.
>
> 7. The Trial Court erred in awarding attorneys' fees and costs where [Wife's] claim was to enforce express warranties set forth in the agreements between the parties and the agreements do not contain provision stating that an action to enforce the agreements is, itself, a breach of the agreements.
>
> 8. The grant of summary judgment in this case does not conform to the requirements of Pa.R.C.P. 1035.2 ["After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law."].

Concise Statement of [Errors] Complained of on Appeal, 12/8/14.

Wife's final claim is that the trial court erred by concluding that Husband was entitled to counsel fees. We review an award of counsel fees and costs only for an abuse of discretion. *See **Busse v. Busse***, 921 A.2d 1248, 1258 (Pa. Super. 2007). As previously noted, the PSA contains the following provision entitled "Fees in the Event of Breach of Agreement":

> It is the specific agreement and intent of the parties that a breaching or wrongdoing party shall bear the obligation of any and all attorneys fees, court costs and expenses incurred by the other in protecting and enforcing his or her rights under this Agreement.

PSA, 3/20/09, at 31.

Read in conjunction with the "Mutual General Releases" provision of the PSA, which provides in relevant part that "Wife discharges Husband . . . from all claims . . . known and unknown," the Court reasonably concluded that "Wife had failed to comply with the terms of the Supplemental [PSA] by suing [Husband] over a claim of undisclosed assets after she had expressly and voluntarily waived her ability to do so in the future." Trial Court Opinion, 1/14/15, at 25.

The trial court also awarded counsel fees and costs based on the Divorce Code, 23 Pa.C.S. §§ 3101-3904 (the Code). Section 3105(a) of the Code provides:

> **§ 3105. Effect of agreement between parties**
>
> **(a) Enforcement.** – A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to

enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 Pa.C.S. § 3105(a).

Section 3502 of the Code provides, in relevant part:

**§ 3502.  Equitable distribution of marital property**

**Powers of the court.** – If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:

. . .

(7)   award counsel fees and costs[.]

23 Pa.C.S. § 3502(e)(7).

In **Miller v. Miller**, 983 A.2d 736 (Pa. Super. 2009), this Court held that where a party incurs significant fees to enforce a provision regarding the parties' economic obligations, the court is empowered to award fees. Accordingly, the trial court did not abuse its discretion in concluding that Husband was entitled to fees and costs under the parties' agreements and the Divorce Code.[6]

Orders affirmed.

---

[6] We note that on appeal Wife does not challenge the specific amount of the costs, fees and expenses awarded by the trial court.  Her argument is limited to whether the court abused its discretion in permitting the recovery of cost, fees and expenses.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015