COMMONWEALTH of Pennsylvania,
Appellant

v.

Brian Lee ANDERSON, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 16, 2012.

Filed March 19, 2012.

Michael W. Streily, Deputy District Attorney, and Sandra Preuhs, Assistant Dis-

trict Attorney, Pittsburgh, for Commonwealth, appellant.

Carrie L. Allman, Public Defender, Pittsburgh, for appellee.

BEFORE: BOWES, OLSON, and PLATT*, JJ.

OPINION BY PLATT, J.:

The Commonwealth appeals from the order entered by the Court of Common Pleas of Allegheny County granting Appellee Brian Lee Anderson's motion to suppress evidence. We reverse and remand.

On August 8, 2007, police officers were investigating a burglary when they noticed a hole in Appellee's apartment door and smelled marijuana inside the apartment. Through the hole, they saw a pair of feet, but no one answered the door when they knocked and announced themselves. The officers entered the apartment and found Appellee sleeping. They woke him and asked about the smell. Appellee replied that there were two baggies of marijuana on a table in the living room. The officers also observed two marijuana "roaches" in an ashtray in the living room. The officers asked Appellee for permission to search the rest of his apartment. He refused. The officers obtained a warrant, identifying the items to be searched for and seized as:

> Cocaine (crack cocaine), Marijuana, Heroin or any other controlled substance. Any paraphernalia used to manufacture, deliver, dilute, process for distribution, possess, or use any controlled substance. Any records or other documents indicative of distribution. Any indicia of residency. Any property . . . used or intended to be used to facilitate any violation of the Controlled Substance, Drug Device and Cosmetic Act, including but not limited to currency found in close proximity to, or traceable to the controlled substance.

(Supplemental Omnibus Pretrial Motion, Appendix A, at 1, 5). After conducting a search, the officers seized, in addition to the marijuana initially discovered, cocaine, a digital scale, Ziplock baggies, and baggies with the corners cut off.

This matter originally went to trial on April 12–13, 2010, but a mistrial was declared. On January 3, 2011, Appellee filed an omnibus pre-trial motion, which he supplemented on February 16, 2011, to include a motion to suppress all the evidence found as a result of the search.[1] On April 6, 2011, the court held a hearing on the motion to suppress. On April 8, 2011, the suppression court granted Appellee's motion because it found that there was no evidence to support the issuance of a warrant for any drug other than marijuana and that there was too great a disconnect between the probable cause stated and the items described to be seized in the search warrant. This appeal followed.[2]

The Commonwealth raises two issues on appeal:

---

* Retired Senior Judge assigned to the Superior Court.

1. Appellee did not seek suppression of the marijuana found prior to the search.

2. Pennsylvania Rule of Appellate Procedure 311(d) allows the Commonwealth to "take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); (Notice of Appeal, 4/21/11, at unnumbered page 4). See also Commonwealth v. Bender, 811 A.2d 1016, 1018 (Pa.Super.2002), appeal denied, 573 Pa. 702, 827 A.2d 429 (2003) (stating that "the Commonwealth has an absolute right of appeal to the Superior Court to test the validity of a pre-trial suppression order" where it makes the required Pa.R.A.P. 311(d) certification) (internal quotation marks and citation omitted).

I. Whether the court below erred in granting suppression of evidence seized pursuant to a warrant authorizing a search for, *inter alia*, "[co]caine (crack cocaine), marijuana, Heroin or any other controlled substance" based on its conclusion that probable cause had been set forth to support a search only for marijuana?

II. Whether the description in the warrant of the items to be searched for was sufficiently particular to pass constitutional muster?

(Commonwealth's Brief, at 4).[3]

In *Commonwealth v. Dean*, 940 A.2d 514 (Pa.Super.2008), this Court described the pertinent standard and scope of review as follows:

When reviewing the propriety of a suppression order, an appellate court is required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. Because Appellee prevailed in the suppression court, we may consider only the evidence of the defense and so much of the evidence for the Commonwealth as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, where the appeal of the determination of the suppression court turns on allegations of legal error, "[t]he suppression court's conclusions of law [...] are not binding on an appellate court, whose duty it is to determine if the suppression court properly applies the law to the facts." As a result, the conclusions of law of the suppression court are subject to plenary review.

*Id.* at 516 (citations omitted).

The Commonwealth argues that the cocaine and drug paraphernalia should not have been suppressed. (Commonwealth's Brief, at 8). While the Commonwealth concedes that the warrant stated probable cause only to search for marijuana, it argues that because the cocaine and drug paraphernalia were in plain view they should be admissible. (*Id.*). The Commonwealth also argues that the warrant was not a general search warrant, but rather was "sufficiently particular to pass constitutional muster." (*Id.* at 22).

Appellee contends that suppression was proper because there was no probable cause to justify searching for cocaine, heroin, or drug paraphernalia. (Appellee's Brief, at 16). Further, Appellee argues that the suppressed evidence is not admissible under the plain view exception because the search warrant was essentially general in nature and the discovery was not inadvertent. (*Id.* at 18–19).

It is not in dispute that the search warrant contained probable cause to conduct a search for marijuana. (*See* Commonwealth's Brief, at 9; Appellee's Brief, at 16). Nor is there any argument that the warrant did not state probable cause to support a search for anything other than marijuana. (*See* Commonwealth's Brief, at 8; Appellee's Brief, at 12). Further, the parties agree that the suppression court acted appropriately when it applied the doctrine of severability and found the search warrant was valid as to the marijuana, but not as to the cocaine and drug paraphernalia. (*See* Commonwealth's Brief at 20–21; Appellant's Brief, at 17). The dispute arises over whether the co-

---

**3.** The Commonwealth filed its concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), on May 2, 2011. The suppression court filed a 1925(a) opinion on August 15, 2011.

caine and drug paraphernalia is admissible under the plain view exception as the Commonwealth contends. (Commonwealth's Brief, at 20).

"[C]itizens are protected by both federal and state constitutional provisions· from unreasonable searches and seizures." *Dean, supra,* at 520 (citation omitted). The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ..." U.S. CONST. amend. IV. The Pennsylvania Constitution, which provides even broader protection than its federal counterpart, provides in Article I, Section 8 that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures ..." PA. CONST. art. I, § 8; *see Dean, supra,* at 520.

██ The suppression court found that there was probable cause supporting the issuance of a search warrant for marijuana, however not for the additional items listed in the warrant. In *Commonwealth v. Bagley,* 408 Pa.Super. 188, 596 A.2d 811 (1991), police executed several warrants while investigating a suspicious death. While the Court found much of the evidence seized to be admissible, it suppressed a number of documents the police seized, including letters, bills, and an address book belonging to the victim, because it found that the documents were not evidence of a crime and the police did not provide probable cause that the documents were somehow related to the victim's death. *Bagley, supra* at 824. This Court explained as follows:

> The doctrine of severance mandates that invalid portions of a search warrant may be stricken and the remaining portions held valid, as long as the remaining portions of the warrant describe with particularity the evidence to be seized. Where a search warrant authorizes seizure of some items for which there is probable cause and other items for which there is no probable cause, the warrant is not wholly invalid. In such cases, suppression will be required only of the evidence which was seized without probable cause.

*Id.* (citations omitted). Further, to be severable, a warrant must not be "essentially general in character." *Commonwealth v. Casuccio,* 308 Pa.Super. 450, 454 A.2d 621, 630 (1982) (citation omitted). In the instant matter, where the suppression court properly found only the search for marijuana to be supported by probable cause, it severed the portions of the search warrant that referred to cocaine, heroin, and drug paraphernalia. Additionally, the warrant at issue was not essentially general in character, and, "in fact, the portion of the warrant which [was] upheld was prepared with particularity," based on the observations of marijuana by the police officers. *Id.*

██ Generally, a warrant stating probable cause is required before a police officer may search for or seize evidence. However,

> [t]he plain view doctrine provides that evidence in plain view of the police can be seized without a warrant, *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), as modified by *Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), and it was adopted by our Supreme Court in *Commonwealth v. McCullum,* 529 Pa. 117, 602 A.2d 313 (1992). The plain view doctrine applies if 1) police did not violate the Fourth Amendment during the course of their arrival at the location where they viewed the item in question; 2) the item was not obscured and could be seen plainly from that location; 3) the incriminating nature of the item was readily apparent; and 4) police had the lawful right to access the item.

*Commonwealth v. Sodomsky,* 939 A.2d 363, 370 (Pa.Super.2007), *appeal denied,* 599 Pa. 709, 962 A.2d 1196 (2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2776, 174 L.Ed.2d 272 (2009) (some citations omitted).[4]

■ Here, the police lawfully seized the evidence in question, cocaine and drug paraphernalia, under the plain view exception to the warrant requirement. It is uncontested that the police were lawfully present in Appellee's apartment and had a search warrant supported by probable cause to search for marijuana. During their legal search for marijuana, they discovered the other seized items, whose criminal nature was readily apparent. There is no argument that they were not lawfully on the property, that they exceeded the scope of the valid portion of the search warrant when they discovered the additional items, or that the incriminating nature of the items was not readily apparent. Thus, the suppression court erred when it granted Appellee's motion to suppress the cocaine and drug paraphernalia.[5]

*See, e.g., Commonwealth v. Jones,* 605 Pa. 188, 988 A.2d 649, 658 (2010) *cert. denied,* —— U.S. ——, 131 S.Ct. 110, 178 L.Ed.2d 32 (2010) (permitting admission of evidence under the plain view exception); *Commonwealth v. Santiago,* 736 A.2d 624, 633 (Pa.Super.1999) (seizure of drugs in plain view permissible where officers were lawfully in apartment). We note that this case is distinguishable from *Bagley* because in the instant matter the additional items that police seized, cocaine and drug paraphernalia, were obviously evidence of crime whereas in *Bagley* the documents that police seized were not contraband.

■ Further, we note that the contraband is also admissible under the inevitable discovery doctrine[6] because it would have been discovered during the valid search for marijuana. *See id.; Commonwealth v. Miller,* 555 Pa. 354, 724 A.2d 895, 900 n. 5 (1999), *cert. denied,* 528 U.S. 903, 120 S.Ct. 242, 145 L.Ed.2d 204 (1999); *Commonwealth v. Ingram,* 814 A.2d 264, 272 (Pa.Super.2002), *appeal denied,* 573 Pa. 671, 821 A.2d 586 (2003).[7]

4. Appellee urges us to use the test set forth in *Casuccio, supra,* which requires, *inter alia,* that "the discovery must be inadvertent" to admit evidence under the plain view exception. *Id.* at 630; (Appellee's Brief, at 19). However, *Horton, supra,* "clearly discarded this prong of the plain view test." *Commonwealth v. Ellis,* 541 Pa. 285, 662 A.2d 1043, 1049 n. 6 (1995). Thus, we decline to adopt Appellee's standard.

5. We do not find it dispositive that the evidence was listed in the search warrant. *See Commonwealth v. Jennings,* 75 Pa. D. & C.4th 168, 172–73 (2005) (denying motion to suppress marijuana and drug paraphernalia because while the warrant did not state probable cause to support a search for marijuana and drug paraphernalia, it did state probable cause to search for guns and ammunition, and the marijuana and drug paraphernalia were admissible under the plain view exception). "We recognize that decisions of the Court of Common Pleas are not binding precedent; however, they may be considered for

their persuasive authority." *Hirsch v. EPL Techs., Inc.,* 910 A.2d 84, 89 n. 6 (Pa.Super.2006) (quoting *Varner v. Holley,* 854 A.2d 520, 522 n. 1 (Pa.Super.2004)).

6. "The inevitable discovery doctrine provides: [E]vidence which would have been discovered was sufficiently purged of the original illegality to allow admission of the evidence. [I]mplicit in this doctrine is the fact that the evidence would have been discovered despite the initial illegality." *Commonwealth v. Bailey,* 986 A.2d 860, 862 (Pa.Super.2009), *appeal denied,* 606 Pa. 660, 995 A.2d 350 (2010). Evidence is admissible under this doctrine where the Commonwealth demonstrates "by a preponderance of the evidence that the illegally obtained evidence ... inevitably would have been discovered through lawful means." *Id.*

7. We need not separately address the Commonwealth's second issue on appeal, because we have already resolved the claim in the

Order reversed.  Matter remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.