J-A25020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JURELL SMALLS | |
| Appellee | No. 1723 EDA 2014 |

Appeal from the Order May 13, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008154-2012
CP-46-CR-0008377-2012

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

DISSENTING MEMORANDUM BY MUNDY, J.:     **FILED DECEMBER 29, 2015**

I respectfully dissent.  Even if I agreed with the Majority's conclusion that the evidence of Appellee's personal drug trafficking of prescription pills was stale,[1] I do not agree that this renders the warrant wholly invalid.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] I disagree that the evidence was stale.  Instead, the affidavit of probable cause supported the magistrate court's conclusion that the totality of the evidence was sufficient to warrant a belief that there was an on-going drug trafficking enterprise being operated out of the residence from 2009 through 2012.  **See Commonwealth v. Janda**, 14 A.3d 147, 158-159 (Pa. Super. 2011) (noting that evidence of ongoing course of conduct can supply probable cause, even if it is otherwise stale).  Even though the August and September 2012 investigation did not relate to Appellee's personal involvement in the drug trafficking activity conducted out of the house, the evidence demonstrated probable cause that a drug trafficking enterprise in the house was continuous from 2009 to 2012.  **See Commonwealth v. Gannon**, 454 A.2d 561, 565 (Pa. Super. 1982) (explaining "[t]he critical
*(Footnote Continued Next Page)*

Accordingly, I disagree that all of the evidence seized in the execution of the search warrant for the residence located at 116 East Third Street, Lansdale, Pennsylvania must be suppressed. Therefore, I would reverse the trial court's order granting Appellee's motion to suppress the evidence.

I agree with the Majority's suggestion that the police presented probable cause to search the residence for marijuana. **See** Majority Memorandum at 15 (recognizing "probable cause likely existed for a search of marijuana…[]"). Specifically, I would conclude there was probable cause of cultivating, harvesting, and processing marijuana plants along with evidence of marijuana possession and use.[2] Because there was probable cause to search for and seize marijuana, I would sever the authorization to search for any items for which probable cause did not exist, including prescription pills, from the warrant. Further, I would conclude that in the

*(Footnote Continued)* ─────────

element in a reasonable search is not that the owner of the property is suspected of crime but that the specific 'things' to be searched for and seized are located on the property to which entry is sought[]"), *quoting* **Zurcher v. Stanford Daily**, 436 U.S. 547, 557 (1978)). The evidence of the cultivation and harvesting of marijuana plants at the residence demonstrated that the enterprise was ongoing and expanding.

[2] In its analysis, the Majority ignores that police surveillance conducted in August and September 2012 revealed that Appellee's two younger brothers cultivated four to five marijuana plants in the backyard of the residence and had harvested some of those plants days before police obtained the search warrant for the premises. This information was contained in the affidavit of probable cause. In addition to the brothers' personal use of marijuana, there was ample probable cause to authorize a search of the residence for evidence of the cultivation, harvest, and processing of marijuana.

lawful search for marijuana, the plain view doctrine applies and, additionally, that the police would have inevitably discovered evidence of prescription pills. Accordingly, I would conclude that the evidence obtained through the warrant should not have been suppressed.

This Court has explained that when probable cause supports certain items in a search warrant but not others, the items that are not supported by probable cause may be severed from the warrant.

> The doctrine of severance mandates that invalid portions of a search warrant may be stricken and the remaining portions held valid, as long as the remaining portions of the warrant describe with particularity the evidence to be seized. Where a search warrant authorizes seizure of some items for which there is probable cause and other items for which there is no probable cause, the warrant is not wholly invalid. In such cases, suppression will be required only of the evidence which was seized without probable cause.

*Commonwealth v. Anderson*, 40 A.3d 1245 (Pa. Super. 2012), *appeal denied*, 51 A.3d 837, *quoting* *Commonwealth v. Bagley*, 596 A.2d 811, 824 (Pa. Super. 1991), *appeal denied*, 611 A.2d 710 (Pa. 1992), *cert. denied*, *Bagley v. Pennsylvania*, 506 U.S. 1002 (1992).

In *Anderson*, police obtained a search warrant for the appellant's apartment based on probable cause for marijuana. *Anderson*, *supra* at 1245. However, the search warrant also contained authorization to search for and seize cocaine, heroin, and any other controlled substances, for which there was no probable cause. *Id.* In executing the warrant, the police

seized marijuana, cocaine, and drug paraphernalia.  *Id.*  Because there was no probable cause to support the issuance of a warrant for any drug other than marijuana, the suppression court severed the portions of the search warrant that referred to other controlled substances and suppressed all of the evidence that was not related to marijuana.  *Id.*  This Court reversed the suppression court, concluding that the evidence of cocaine and drug paraphernalia, for which there was no probable cause in the search warrant, should not have been suppressed.  We explained that the entire warrant was not invalid because there was probable cause to search the apartment for marijuana.  *Id.* at 1249.  Instead, we concluded that any evidence discovered in plain view during the lawful search for marijuana was admissible and, further, that evidence of the other contraband would have been inevitably discovered during the lawful search for marijuana.  *Id.*

Applying *Anderson* to this case, I would conclude that if the evidence of prescription pill trafficking was stale, it should have been severed from the warrant.  This does not, however, render the entire search warrant invalid because there was still probable cause to search for marijuana. Specifically, the search warrant authorized the search for, and seizure of, the following marijuana-related items, among others.

> 1. Marijuana, Prescription Pills and any other controlled substances;
>
> 2. Cutting agents, bagging materials, scales, other drug paraphernalia;

3. Items used to grow Marijuana indoors/outdoors, Marijuana seeds, PVC piping, grow lights, ballasts, circulating[] fans, exhaust fans, light canopies, electrical timers, light rails, circular light movers, hydroponic containers, grow mediums, $CO_2$ injection systems, fertilizers, potting soil, containers for planting, chemicals and fertilizers, pruning and gardening tools, buyers lists, seller lists and other miscellaneous items used to grow Marijuana.

4. Marijuana or any parts thereof (such as living plants and dried processed matter) and paraphernalia commonly associated with the cultivation, storage and sales and use of Marijuana (such as baggies, scales, drying items and other weighing devices), lights, hoses, and other paraphernalia used for growing marijuana, books and pamphlets containing instructions on cultivation, paper[] recording devices, pay-owe sheets, buyers lists, ledgers, and other items that can be used to record sale transactions.

…

Application for Search Warrant and Authorization, 9/21/12, at Exhibit A, Property to be Searched for and Seized, at ¶¶ 1-4.

Accordingly, the police in executing the warrant could lawfully search any area of the residence where the above evidence of marijuana possession, consumption, and cultivation could have been located.[3]

_____

[3] The Majority concludes that there was no probable cause to search for "the full panoply of chemicals, objects (scales, baggies, etc), records (receipts, bank statements, ledgers, etc.), weapons and currency associated with a full-scale drug-manufacturing and drug selling-operation" because "no probable cause existed to conclude that any such operation remained actively in place in August-September 2012." Majority Memorandum at 15. To the contrary, I would conclude that the activity of cultivating and harvesting marijuana plants alone gives rise to a fair probability that the
*(Footnote Continued Next Page)*

Therefore, the evidence of possession of marijuana and of drug paraphernalia to use marijuana was lawfully obtained through a search warrant supported by probable cause and should not be suppressed.[4] Further, even if I severed as stale the authorization to search for prescription pills from the search warrant, I would conclude that in searching for marijuana, the police would have discovered the prescription pills in plain view. *See Anderson*, *supra*. Alternatively, I would conclude the prescription pills would have been inevitably discovered. *See id.* Therefore, I would reverse the trial court's order granting suppression and remand for a trial. I respectfully dissent.

*(Footnote Continued)* ————

residents of the house were involved in marijuana trafficking. *See Commonwealth v. Luton*, 672 A.2d 819, 821-822 (Pa. Super. 1996) (explaining that "[t]he information offered to establish probable cause must be viewed in a common sense, non-technical manner and deference must be given to the issuing magistrate. It must be remembered that probable cause is based on a finding of the probability of criminal activity, not a *prima facie* showing of criminal activity[]"). Viewing the information in the totality of the circumstances, the cultivation and harvest of marijuana is drug-manufacturing, which gives rise to a fair probability that the marijuana was harvested to be processed and sold. Accordingly, I would conclude that there was probable cause for items associated with the manufacture and sale of marijuana.

[4] Appellee was charged with these two marijuana-related offenses, based on the evidence recovered in the search. *See* Police Criminal Complaint, 9/23/12, at 10-12 (charging Appellee under subsections 780-113(a)(31)-(32) of the Controlled Substances Act for possession of a small amount of marijuana for personal use and for drug paraphernalia). Appellee was also charged with possession with the intent to deliver oxycodone and possession of oxycodone; additionally, the paraphernalia charge included oxycodone-related paraphernalia. *See id.* (asserting violations of subsections 780-113(a)(16), (30) of the Controlled Substances Act).