J-S29026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE DAVIS | : | |
| | : | |
| Appellant | : | No. 3285 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005941-2015

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 4, 2020**

Tyrone Davis (Davis) appeals *nunc pro tunc* from the judgment of
sentence imposed by the Court of Common Pleas of Philadelphia County (trial
court) on May 23, 2017, following his *nolo contendere* plea to Aggravated
Assault, Violation of the Persons Not to Possess Section of the Uniform
Firearms Act (VUFA) and Possession of an Instrument of Crime (PIC).[1]
Counsel has filed an application to withdraw pursuant to ***Anders v.
California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978
A.2d 349 (Pa. 2009).  We grant counsel's application to withdraw and affirm
Davis's judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 6105(a)(1) and 907(a), respectively.

## I.

We take the following pertinent facts and procedural history from our independent review of the record. On March 26, 2015, Davis entered the house of Rosalyn Scott (Scott), his then-girlfriend and the mother of his three children, without her permission. He woke Scott by holding a gun to her head and struck her in the head with the gun multiple times while she was holding their baby. Davis then fled from the house and went to his workplace. Despite Davis's warning not to do so, Scott called the police. She gave the police Davis's name and identified what he was wearing and the backpack he was carrying. She also advised that she believed Davis had gone to his workplace, a car stereo store, and gave the police the address.

The police went to the location provided by Scott and found that the light was on inside the locked store. When the police knocked at the door, Davis voluntarily allowed them inside. They patted him down for weapons, finding a bullet in his pocket, and, upon performing a search for officer safety, the officers saw a gun on the floor of the bathroom and a backpack matching Scott's description. The gun was loaded and operable and the bag contained 42 bullets.

On March 27, 2015, Davis was arrested for Aggravated Assault and related charges. While represented by appointed trial counsel, Frederick Lowenberg, Esquire, Davis filed multiple *pro se* motions, including a pretrial motion on June 25, 2015, seeking to quash the return of transcript and original

papers, a January 25, 2016 motion for discovery and a September 6, 2016 motion challenging the validity of his arrest and search. The trial court did not respond to any of these *pro se* motions.

On January 30, 2017, Davis entered an open *nolo contendere* plea to Aggravated Assault, VUFA and PIC, and an extensive oral colloquy was conducted. The Commonwealth and defense counsel agreed that Davis was not authorized to have a firearm because of a previous felony conviction for rape. On May 23, 2017, the court sentenced Davis to an aggregate term of incarceration of not less than six and one-half nor more than eighteen years. Davis did not file a direct appeal.

On March 22, 2018, Davis filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in which he maintained that his stop, seizure and arrest were unconstitutional and that plea counsel was ineffective. Appointed counsel filed a ***Turner***/***Finley***[2] "no merit" letter and the court provided Davis with Rule 907 Notice of its Intent to Dismiss the petition without a hearing. ***See*** Pa.R.Crim.P. 907(1). On July 8, 2018, after receiving Davis's response to the Notice, the court formally dismissed the petition. Davis appealed to this Court, raising ten issues for our review. However, the Court addressed only his ninth issue, "Whether the

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[trial] court erred by preventing [Davis] from timely filing his direct appeal motion[?]" (**Commonwealth v. Davis**, 2019 WL 3458780, at *2 (Pa. Super. filed July 31, 2019) (unpublished memorandum) (record citation omitted)). However, due to the insufficiently developed record, this Court was unable to review the question and we remanded for the PCRA court to appoint new counsel and conduct proceedings to consider whether Davis was entitled to file a direct appeal *nunc pro tunc*. (**See id.** at *3).

On remand, appointed counsel filed a PCRA petition on Davis's behalf on September 20, 2019. The court granted the petition and reinstated Davis's direct appeal rights. On November 20, 2019, Davis filed a counseled *nunc pro tunc* notice of appeal to his May 23, 2017 Judgment of Sentence. Counsel filed a Rule 1925(c)(4) Statement of Intent to file an **Anders** Brief on appeal. Appointed counsel has filed an **Anders** brief and application to withdraw in this Court.

## II.

## A.

Before reaching Davis's issue, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley,** 978 A.2d 995, 997 (Pa. Super. 2009). It is well-settled that:

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;

(2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and

(3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id.* (citation omitted).  Further, our Supreme Court ruled in **Santiago, supra,** that **Anders** briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" **Santiago, supra** at 360.

Counsel's **Anders** brief and application to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" **Lilley, supra** at 997 (citation omitted).  Additionally, the record establishes that counsel served Davis with a copy of the **Anders** brief and application to withdraw and a letter of notice, which advised him of his right either to retain new counsel or to proceed *pro se* and raise additional issues to this Court.  **See id.**; (**see also** Application to Withdraw as Counsel, 1/20/20, Exhibit A).  Furthermore, the application and brief cite "to anything that arguably might support the appeal[.]" **Lilley, supra** at 997 (citation omitted); (**see also Anders** Brief, at 12-26).  As noted by our Supreme Court in **Santiago,** the fact that some of counsel's statements arguably support the

frivolity of the appeal does not violate the requirements of **Anders**. **See Santiago, supra** at 360-61.

Having concluded that counsel's petition and brief comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley, supra** at 998 (citation omitted).

Davis raises eight issues for our review: (1) the plea court committed an error of law in allowing [him] to be prosecuted for Aggravated Assault where there was no probable cause; (2) the plea court committed an error of law in allowing him to be prosecuted for VUFA and PIC where the evidence was illegally seized without probable cause, exigent circumstances or a valid search warrant; (3) the plea court violated Rule 600; (4) his *nolo contendere* plea was improperly induced; (5) "[he] has the right to raise procedural default claims on direct appeal[;]" (6) "[he] has the right to raise miscarriage of justice claims on direct appeal[;]" (7) he has the right to raise a claim related to constitutional rights recognized by the United States and Pennsylvania Supreme Courts to apply retroactively; and (8) "[he] has the right to raise ineffectiveness of counsel claims on direct appeal." (**Anders** Brief, at 8-26).

**B.**

As a preliminary matter, it is well-settled that entering a plea waives all non-jurisdictional defects and defenses, as well as the right to challenge anything but the legality of sentence and the validity of the plea. ***See Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007). Davis expressly acknowledged this at his plea hearing and in his written *nolo contendere* colloquy form. (***See*** N.T. Plea Hearing, 1/30/17, at 10-11; Written *Nolo Contendere* Colloquy, 1/30/17, at 3). The court also advised him that by entering a plea, Davis was giving up his right to challenge any pretrial issues, including the validity of the search and seizure and any alleged Rule 600 violations. (***See*** N.T. Plea Hearing, at 9; Written *Nolo Contendere* Colloquy, at 2). Therefore, the only issue properly before this Court is Davis's fourth, in which he challenges the validity of his plea. (***See Anders*** Brief, at 12).[3]

To withdraw a plea after sentencing, the defendant must show prejudice that rises to the level of manifest injustice. ***See Commonwealth v. Byrne***, 833 A.2d 729, 737 (Pa. Super. 2003). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (citation omitted). A defendant's disappointment in the sentence imposed is not manifest injustice. ***See id.*** Prior to accepting a

_____

[3] This Court considers the totality of the circumstances to determine a plea's validity. ***See Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001).

defendant's *nolo contendere* plea, the court "must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) (citations omitted); ***see also*** Pa.R.Crim.P. 590, Comment. "A defendant is bound by the statements made during the plea colloquy, and [he] may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013) (citation omitted).

Here, our review of the record confirms that the court ensured that Davis understood the nature of the charges against him, the factual basis of the plea, his right to a jury trial, the presumption of innocence, the potential sentencing range and that the judge was not bound by the recommended sentence. (***See*** N.T. Plea, at 6-9, 11-13; Written Plea Colloquy, at 1-2). The court explained that by pleading *nolo contendere*, Davis gave up his right to challenge pre-trial issues, including those regarding the suppression of evidence and Rule 600. (***See*** N.T. Plea, at 9; Written Plea Colloquy, at 2). Davis stated that he was satisfied with counsel's performance and that he read, understood and signed the written plea form. (***See*** N.T. Plea, at 7, 11; Written Plea Colloquy, at 3).

Hence, we conclude that Davis's claim that he did not voluntarily, knowingly and intelligently enter his guilty plea is belied by the record. Therefore, his issue lacks merit and he is due no appellate relief.

**C.**

Although Davis waived the remainder of his issues by entering his plea, we will review them briefly for the sake of completeness.

**1.**

In his first issue, Davis alleges that the trial court erred in allowing the count for Aggravated Assault to go forward because there was not probable cause to support the charge.[4]  (**See id.** at 8-9).

It is well-settled that for a case to proceed beyond the preliminary hearing, the Commonwealth must establish a *prima facie* case.  **See Jones**, **supra** at 208.

> The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury.  …  Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

---

[4] By entering a *nolo contendere* plea, Davis stated that he was not contesting the allegations against him, and admitted that, if proven, they would meet the elements to establish Aggravated Assault, VUFA and PIC. (**See** N.T. Plea Hearing, at 12-14); **Commonwealth v. Moser**, 999 A.2d 602, 606 (Pa. Super. 2010), *appeal denied*, 20 A.3d 485 (Pa. 2011).

*Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001) (citations and quotation marks omitted).

A person commits aggravated assault when he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1); *see also Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*), *appeal denied*, 78 A.3d 1089 (Pa. 2013) ("For aggravated assault purposes, an attempt is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another.") (citation omitted).

In this case, Davis pleaded no contest to facts that he broke into Scott's home and put a gun to her head, repeatedly tapping her with it. (*See* N.T. Plea, at 12). Based on these facts and Davis's plea, the court found Davis guilty of Aggravated Assault.

Based on the foregoing, we conclude that the court did not commit an error of law in finding that the Commonwealth established probable cause that Davis possessed a specific intent to commit Aggravated Assault when he took a substantial step in causing serious bodily injury to Scott. This claim would lack merit.

**2.**

In his second allegation of error, Davis claims that the evidence supporting the charges of VUFA and PIC "was unlawfully seized" because the police lacked "probable cause, exigent circumstances, or a valid search warrant." (**Anders** Brief, at 10).

> Under both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, a search conducted without a warrant is deemed to be unreasonable, and therefore, constitutionally impermissible, unless an established exception applies. One such exception is consent, voluntarily given. Consent may be express or implied.

**Commonwealth v. Fredrick**, ___ A.3d ___, 2020 WL 1527087, at *3 (Pa. Super. March 31, 2020) (citations and quotation marks omitted).

Further, pursuant to the plain view doctrine:

> evidence in plain view of the police can be seized without a warrant. The plain view doctrine applies if 1) police did not violate the Fourth Amendment during the course of their arrival at the location where they viewed the item in question; 2) the item was not obscured and could be seen plainly from that location; 3) the incriminating nature of the item was readily apparent; and 4) police had the lawful right to access the item.

**Commonwealth v. Anderson**, 40 A.3d 1245, 1248 (Pa. Super. 2012), *appeal denied*, 51 A.3d 837 (Pa. 2012) (citations omitted).

Here, evidence of record establishes that based on the information provided by Scott, the police went to the stereo store where Davis worked to look for him. Upon seeing the lights on in the store late at night, they knocked on the door, Davis unlocked it and he voluntarily allowed them inside. (**See** PCRA Petition, Exhibit 1, The Philadelphia Police Investigation Interview, at 1).

This consent excused the warrant requirement and the police entry into the store was constitutional. **See Fredrick**, **supra** at *3.

Upon entering the store, the officers frisked Davis for weapons, felt something that based on the officer's training and experience, seemed like a bullet in his pocket. Upon walking through the store to secure it for officer safety, an officer went into the bathroom where he observed a black gun and backpack matching the description provided by Scott in plain view. (**See** PCRA Petition, Exhibit 1, The Philadelphia Police Investigation Interview, at 1). Under the totality of the circumstances, the incriminating nature of this evidence was readily apparent to the officers. **See Anderson**, **supra** at 1248.

Based on the foregoing, Davis's second claim, that the charges of VUFA and PIC were not valid because they were based on evidence seized during an illegal search, would lack merit, even if not waived.

**3.**

In his next issue, Davis maintains that "[t]he plea court committed an error of law in allowing procedural default which caused [him] to be imprisoned for an inordinate amount of time and prosecuted." (**Anders** Brief, at 11). We interpret this allegation as raising a Rule 600 claim.[5]

---

[5] Appellate review of a Rule 600 claim is for an abuse of discretion and is limited to the record evidence and the trial court's findings. **See Commonwealth v. Plowden**, 157 A.3d 933, 936 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1043 (Pa. 2017).

Pursuant to Rule 600, trial must commence within one year "from the date on which" a written complaint is filed against the defendant. Pa.R.Crim.P. 600(A)(2)(a). The clock stops running for Rule 600 purposes during excludable and excusable time. *See Commonwealth v. Moore*, 214 A.3d 244, 248 (Pa. Super. 2019), *appeal denied*, 224 A.3d 360 (Pa. 2020). Delay that is not attributable to the Commonwealth's failure to exercise due diligence and is caused by the defendant is "excludable." *See* Pa.R.Crim.P. 600(C)(1); *Moore*, *supra* at 248. "Excusable" delay is "delay … caused by circumstances beyond the Commonwealth's control and despite its due diligence." *Moore*, *supra* at 249.

"Due diligence includes … listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." *Id.* Any "period of delay … outside the control of the Commonwealth and not the result of the Commonwealth's lack of due diligence" extends the adjusted run date, resulting in the Rule 600 run date. *Id.*

Here, the Commonwealth filed the Complaint against Davis on March 27, 2015, making the mechanical run date Monday, March 28, 2016. The Commonwealth requested a three-week continuance on May 1, 2015, and one for 18 days on May 22, 2015. Davis was granted 94 days in continuances, which was excludable time, and resulted in an adjusted run date of June 30,

2016. A waiver trial was scheduled for April 19, 2016, prior to the adjusted run date's expiration.

On April 19, 2016, the scheduled trial date, the defense requested a two-day continuance. Thereafter, trial was continued for another 284 days, none of which was attributable to the Commonwealth, making April 12, 2017, the final Rule 600 run date. Hence, Davis's January 30, 2017 plea was entered before the adjusted run date's expiration. Based on the foregoing, even if this issue was not waived, Davis would be due no relief.

**4.**

In his fifth through seventh claims of error, Davis states that he has the right to raise "procedural default," "miscarriage of justice" and retroactive constitutional right claims in this appeal. (***Anders*** Brief, at 14). His vague statements, without more, render us unable to conduct a review and Davis is due no relief. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

**5.**

In his final claim, Davis argues that counsel was ineffective. (***See Anders*** Brief, at 15). However, generally, this Court will not consider

ineffectiveness claims until collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). Therefore, we will not review this issue.[6]

Hence, for all these reasons, Davis is due no relief on his claims. Moreover, our independent review of the record does not reveal any non-frivolous issues for our review. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

President Judge Panella joins the memorandum.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2020

---

[6] Moreover, if Davis intends to allege that counsel was ineffective in relation to his plea, he would not be entitled to relief because, as discussed in reviewing his fourth issue, his *nolo contendere* plea was voluntary, intelligent and knowing.